UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI TOTSKII,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE,<br><br>                                   Respondent. | Case No. 26-cv-1053-JES-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING PETITION WITH LEAVE TO AMEND; and**<br><br>**(3) DENYING AS MOOT MOTION TO EXPEDITE**<br><br>**[ECF Nos. 1, 7, 11]** |

Before the Court is Petitioner Sergei Totskii's ("Petitioner"): (1) Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 6.); (2) Request to proceed in forma pauperis ("IFP") (ECF No. 7); and (3) Motion to expedite (ECF No. 11).

Petitioner filed his original petition on December 22, 2025, in the Central District of California. ECF No. 1. The Court dismissed that petition with leave to amend, noting that the petition consisted only of "copy of removal orders, medical records, and other documents" and did not state the grounds for relief. ECF No. 4. Petitioner subsequently

1

filed a First Amended Petition ("FAP"), which is the current operative petition. ECF No. 6. On the same day, Petitioner filed request to proceed in forma pauperis ("IFP"). ECF No. 7. On February 10, 2026, the case was transferred to this Court because Petitioner is detained at Otay Mesa Detention Center, which is located with this district. ECF No. 8. On February 24, 2026, Petitioner filed a motion to expedite and motion for Order to Show Cause. ECF No. 11.

First, as to Petitioner's request to proceed IFP, he claimed to previously have a job from August 2024 to May 2025, but he has been in detention since May and has not earned any income since. ECF No. 7. He claims to have a car but does not claim to have any money in cash or bank accounts. *Id.* The Court finds Petitioner to have made the requisite showing and **GRANTS** his request to proceed in forma pauperis. ECF No. 7.

Second, upon consideration of a habeas petition under § 2241, the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false." *Kourteva v. I.N.S.*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)).

Here, in the first petition, Petitioner only provided copies of various immigration documents, including (1) a December 1, 2025, Immigration Judge order denying bond finding that the government had established by clear and convincing evidence that Petitioner was a flight risk, (2) a Notice of Appeal filed on October 21, 2025, for appeal of his removal order; (3) a September 19, 2025, Order of the Immigration Judge denying Petitioner's asylum and withholding of removal claims, and ordering him removed to Russia, or in the alternative, removed to Ukraine. ECF No. 1. From these documents, the Court is able to gather the following potential facts. Petitioner entered the country in 2024. ECF No. 1 at 1. He had been "detained for the majority, if not all, of this time in the United

States." *Id.* He has a final order of removal pending against him right now, however it is being appealed. *Id.*

Once that first petition was dismissed for failure to state the grounds of relief, Petitioner filed the FAP, which contained no facts, but stated the following two grounds: violation of the Fifth Amendment right to Due Process and violation of the Administrative Procedure Act. ECF No. 6.

From other documents that Petitioner has filed, including his petition to proceed IFP and his motion to expedite, Petitioner has repeatedly stated that he has been detained since May 21, 2025. *See* ECF No. 11 at 2; ECF No. 7; ECF No. 2.

As Petitioner's current petition stands, the Court must dismiss the case. An amended petition supersedes and effectively replaces the prior petition. *See Martell v. United States*, No. 3:24-CV-00068-MR, 2024 WL 1260592, at *1 (W.D.N.C. Mar. 25, 2024) ("The Amended § 2241 Petition will supersede and replace the original § 2241 Petition so that any claims not included in the Amended Petition will be waived."). Thus, while the FAP includes the grounds for relief, it includes no facts to support the grounds for relief and the Court cannot consider the facts in the original petition because that was effectively fully replaced by the FAP. Thus, Petitioner **must** put both the facts and grounds for relief collectively in **a single petition** for the Court to consider them together.

In addition, the Court notes that there are conflicting or missing material facts in the current submissions. For example, Petitioner does not indicate how he entered the United States in the first place, and at that time, whether he was detained or was ever released by the government at that time on some form of parole or bond. He claims he was detained in May 2025, so it appears that he may have lived for a period in the United States while he was free from detention. However, the Immigration Judge's bond order states "detained for the majority, if not all, of this time in the United States." Thus, the Court needs clarification on this point.

For the foregoing reasons, the Court cannot find that Petitioner states a claim in his FAP as it stands. Petitioner is permitted to file a second amended petition that must include

both the facts supporting his petition (including any missing and conflicting facts that the Court outlines above) and the grounds for relief. Petitioner must file the second amended petition by **April 1, 2026**. The Court cautions Petitioner that failure to do so will result in this action being dismissed for failure to prosecute. Petitioner's motion to expedite is **DENIED AS MOOT**.

     **IT IS SO ORDERED.**

Dated: March 2, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

4

26-cv-1053-JES-JLB