UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SERGEI TOTSKII,

                      Petitioner,

v.

CHRISTOPHER LaROSE; DANIEL A. BRIGHTMAN; TODD LYONS; MARKWAYNE MULLIN; PAMELA BONDI; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

                      Respondents.

Case No.: 26-cv-1053-JES-JLB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 14]**

Before the Court is Petitioner Sergei Totskii's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 14. Pursuant to the Court's Order to Show Cause (ECF No. 16), Respondents filed a return to the petition and Petitioner filed a traverse. ECF Nos. 18, 19. For the reasons set forth below, the Court **GRANTS** the Petition.

## I.     BACKGROUND

Petitioner is a citizen of Ukraine who fled to the United States from Russia. ECF No. 14 ¶ 3. He entered the United States on January 25, 2024, and presented himself at the

1

border. *Id.* At that time, he was granted humanitarian parole, which was set to expire on April 18, 2025. *Id.* ¶ 4; ECF No. 14-1. After receiving parole, he received work authorization, applied for asylum, and started to integrate himself into the local community. ECF No. 14 ¶ 5.

On May 21, 2025, while attending a regularly scheduled check-in, Petitioner was re-detained by Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 6. He alleges that he was not told why he was being detained, was not told about any changed circumstances, and did not have an opportunity to be heard. *Id.* He was first sent to a detention facility in Adelanto, California, and later transferred to Otay Mesa Detention Center, where he is currently being held. *Id.*

Based on the foregoing facts, Petitioner brings the following claims for the manner in which he was re-detained: (1) violation of the Administrative Procedure Act ("APA"); (2) violation of procedural due process in the manner he was re-detained; and (3) violation of due process due to prolonged detention. *Id.* ¶¶ 47-72.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

//

26-cv-1053-JES-JLB

### III.    DISCUSSION

In Respondents' return to the petition, they do not substantively address the claims raised in the petition. ECF No. 18. Instead, they take the position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), while recognizing the many court cases rejecting this position and submitting that they do not "oppose the petition and defer[] to the Court on the appropriate relief." *Id.* In light of this concession, the Court finds that it is appropriate to grant the petition here on procedural due process grounds.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that Clause protects." *Id.* at 690. A person at risk of suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Courts have identified various ways that a petitioner may be granted some form of parole. The choice is "discretionary and is made on a case-by-case basis." *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025). It appears that here, Petitioner was granted humanitarian parole 8 U.S.C. § 1182(d)(5)(A). In the context of 8 U.S.C. § 1182(d)(5)(A), courts have held that such parole status entitles the petitioner to certain due process rights under both procedural due process and the Administrative Procedure Act ("APA"). *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) (finding violation under APA); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025) (finding violation under procedural due process where notice and opportunity to be heard were not given to a petitioner).

26-cv-1053-JES-JLB

Further, courts have repeatedly held that liberty interests do not expire when parole does. "When he was released from his initial detention on parole, Petitioner took with him a liberty interest which is entitled to the full protections of the due process clause." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025). The court went on to hold that "this private interest did not expire along with Petitioner's parole agreement. Once established, Petitioner's interest in liberty is a constitutional right which may only be revoked through methods that comport with due process." *Id.*; *see also Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159, 1179 (D. Nev. 2025) ("Petitioner has a fundamental interest in freedom from physical confinement, and that liberty interest is particularly strong given his initial release from detention in 2022, and the fact that Respondents did not seek his return to custody upon the expiration of his parole in December 2022, or in the three years since."); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999, at *5 (E.D. Cal. Nov. 22, 2025) ("[P]etitioner's liberty interest did not expire along with his parole.").

Here, Petitioner was granted parole after he entered and was processed in this country, creating a liberty interest protected by the Due Process clause. The liberty interest underlying that parole has not expired through any of the stages of his immigration case, including the automatic, time-based end of his parole. *See Ramirez Tesara*, 800 F. Supp. 3d at 1136. The expiration of parole automatically does not extinguish due process claims. *See Rodriguez Cabrera*, 808 F. Supp. 3d at 1179 ("That the express terms of Petitioner's parole allowed for discretionary termination or expiration does not somehow obviate the need for the government to provide an individualized hearing prior to re-detaining him given the significance of his liberty interest."); *Omer G. G.,* 2025 WL 3254999 at *5. Further, these liberty interests are particularly "weighty" where Petitioner relies on the government's grant of release to take actions to build a life in this country—as Petitioner has done here. *Ramirez Tesara*, 800 F. Supp. 3d at 1136; *Rodriguez Cabrera*, 808 F. Supp. 3d at 1179 ("His interest in being free from confinement is particularly weighty, given his family and community ties within this country.").

As this Court explained in *Sanchez v. LaRose*, due process requires not only notice and opportunity to be heard, but also that the notice and opportunity be meaningful. No. 25-CV-2396-JES-MMP, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025). Petitioner alleges that he was arrested and re-detained without notice or opportunity to be heard regarding the loss of his liberty interest. Accordingly, the Court finds that Respondents violated Petitioner's due process rights when they re-detained him on May 21, 2025.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on the Due Process ground and concludes that Respondents' revocation of Petitioner's parole violates procedural due process, Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his preexisting parole that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **April 7, 2026**, confirming that Petitioner has been released.

The Court **DENIES AS MOOT** the remainder of Petitioner's claims. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: April 2, 2026

Honorable James E. Simmons Jr.
United States District Judge

5

26-cv-1053-JES-JLB